# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 29, 2006

131877

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

RODERICK ANDRE McGUIRE,
          Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 131877
COA: 260421
Jackson CC: 04-000543-FC

On order of the Court, the application for leave to appeal the July 25, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, J., dissents and states as follows:

I would grant defendant's application for leave to appeal to consider whether defendant was denied a fair trial because of prearrest delay.

In 1981, defendant's brother was acquitted of felony murder charges that arose out of a shooting death that occurred in 1980. No charges were filed against defendant until 2004. Defendant contends that the prearrest delay denied him a fair trial.

Michigan applies a balancing test to determine if such a delay requires reversing a defendant's conviction. *People v Cain*, 238 Mich App 95 (1999). "A defendant has the burden of coming forward with evidence of prejudice resulting from the delay while the prosecutor has the burden of persuading the reviewing court that the delay was not deliberate and did not prejudice the defendant." *Id.*, p 108.

In this case, 24 years elapsed between the shooting death and defendant's arrest. During that time, defendant's brother and defendant's brother's wife died. Both had provided alibi testimony at defendant's brother's trial, but they could not testify at defendant's trial. It is also unclear whether transcripts of the brother's trial exist and, if they do, whether they would be helpful to defendant in his defense. This is especially

true because the focus of defendant's brother's trial was on defendant's brother's innocence, and not defendant's innocence. Accordingly, I would grant defendant's application for leave to appeal to further explore these questions in order to determine whether the prearrest delay prejudiced defendant.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 29, 2006

_Corbin R. Davis_
Clerk